### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LACY<br>4729 Knorr Street<br>Philadelphia, Pennsylvania 19135<br><br>    Plaintiff,<br><br>v.<br><br>WORLDWIDE FLIGHT SERVICES, INC.<br>d/b/a World Flight Services a/k/a WFS<br>1925 W. John Carpenter Fwy.<br>Irving, Texas 75063<br><br>    Defendant. | CIVIL ACTION NO. |

## CIVIL ACTION - COMPLAINT

### THE PARTIES

1. Plaintiff, James Lacy, is an adult individual and citizen and resident of the Commonwealth of Pennsylvania and resides at 4729 Knorr Street, Philadelphia, Pennsylvania 19135.

2. Defendant, Worldwide Flight Services, Inc. d/b/a World Flight Services a/k/a WFS (hereinafter referred to as "WFS"), is a corporation created and existing under the laws of the State of Delaware, maintaining its principal place of business at 1925 W. John Carpenter Fwy., Irving, Texas 75063 and at all times material hereto, maintained a business location at 1800 Essington Ave., Cargo City, Building C7, Philadelphia, PA 19153.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

## VENUE

4. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: – it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff avers and incorporates by reference all of the allegations of Paragraphs 1 through 4, inclusive, and set forth the same as though said paragraphs were herein provided in full.

6. Presently and at all times relevant hereto, WFS regularly conducted business and was engaged in the business of cargo handling and exchange in Philadelphia County, Pennsylvania.

7. At all times relevant hereto, Defendant, by and through its respective agents, servants, workmen, contractors and/or employees, had the duty to inspect, maintain, service, control and supervise Cargo City Building C7 located at 1800 Essington Avenue, Philadelphia, Pennsylvania.

8. On or about September 25, 2020, Defendant WFS, owned, managed, possessed and/or controlled the Cargo City Building C7 located at 1800 Essington Avenue, Philadelphia, Pennsylvania (hereinafter referred to as the subject premises).

9. Defendant WFS, created, knew or should have had knowledge of the existence of the dangerous and defective condition within the premises including but not limited to a chain link gate that it controlled, maintained, possessed, supervised, monitored and owned.

10. On the aforesaid date, and for a considerable time prior thereto there existed on the premises a dangerous and defective entry gate, to wit, a gate made of chain-link fencing with a metal, tubular frame, where said chain-link fencing was broken, jagged and/or dislodged from its frame, which said gate was a main or primary route of ingress and egress for all persons lawfully upon the premises, which presented a hazard and danger to those individuals who had occasion to use said area.

11. On or about the aforesaid date Plaintiff, James Lacy, was a business invitee of the Defendant at the subject premises where there existed a dangerous and defective chain link gate used by the Plaintiff, the general public, business invites and/or employees of the Defendant which caused Plaintiff to fall resulting in serious and permanent injuries as set forth herein below.

12. The negligent acts and/or omissions of the Defendant consisted of the following:

   a) Permitting a dangerous and defective condition to exist on the grounds of the subject premises;

   b) Failing to warn the Plaintiff and other similarly situated individuals of the existence of a dangerous and defective condition;

   c) Failing to correct said dangerous and defective condition;

   d) Failing to properly supervise and instruct employees in the care and maintenance of the premises;

   e) Failing to exercise due care with regard to the rights and safety of the Plaintiff under the circumstances, by failing to either warn or remove the dangerous and defective condition;

f) Failing to exercise the degree of care required of a possessor of land in order to protect the Plaintiff, business invitees and the public at large for personal injuries caused by dangerous and defective conditions;

g) Failure to know of, take adequate measures in or to know of, or otherwise inspect their premises for the aforesaid condition;

h) Failure to warn the Plaintiff adequately of the aforesaid condition;

i) Failure to properly attend to and eliminate or minimize risks created by the aforesaid condition;

j) Failure to exercise reasonable care and maintain the premises in a reasonably safe condition;

k) Failure to adequately maintain the area to which Defendant had a duty to keep free and clear;

l) Failure to provide safe access to an individual Defendant knew and/or should have known would travel onto the premises;

m) Failure to use reasonable prudence in the care and maintenance of the premises;

n) Failing to exercise due care with regard to the rights and safety of the Plaintiff under the circumstances, by failing to either warn or remove the dangerous and/or defective condition and by allowing the condition to exist after receiving either actual or constructive knowledge of it;

o) Failing to have adequate maintenance and supervision of the premises;

p) Failing to identify and mark a known hazard; and,

q) Failing to post of the dangerous and defective hazard.

13. As a result of the negligent acts and/or omissions of the Defendant, the Plaintiff, James Lacy, sustained serious injuries including, but not limited to left shoulder sprain/strain, left shoulder supraspinatus tendinosis, left shoulder infraspinatus tendinosis, cervical intervertebral disc disorder with radiculopathy, myofascial pain, together with damage to his nerves and nervous system, as well as various other ills and injuries, any and all of which are permanent and all of which have caused him great pain and suffering, have prevented him from attending to his usual duties and occupation and have caused him to incur bills and expenses for his medical care and treatment, any and all of which may continue for an indefinite period of time into the future.

14. As a result of the negligent acts and/or omissions of the Defendant and resultant injuries and disability the Plaintiff, James Lacy, incurred lost wages and a loss of future earnings capacity.

15. As a result of the negligent acts and/or omissions of the Defendant and resultant injuries the Plaintiff, James Lacy, incurred liens, medical expenses and out of pocket expenses in connection his treatment for said injuries, which currently equal or exceed the sum of **$15,234.67** and are recoverable in this matter pursuant Section 319 of the Pa. Workers Compensation Act or other laws or case law that demands same.

16. The accident as aforesaid was caused solely by the negligent acts and/or omissions of the Defendant by and through their respective agents, servants, workmen, and/or employees in

the course and scope of their employment and in furtherance of the business of the Defendant and was due in no manner whatsoever to any negligence on the part of the Plaintiff.

**WHEREFORE**, Plaintiff, Jim Lacy, demands judgment in his favor and against Defendant, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs.

## JURY DEMAND

Plaintiff herein demands a jury trial.

TABAKINWOLFE, LLP

BY: _____
BRAD S. TABAKIN, ESQUIRE
Attorney I.D. No. 65649
brad@twlegal.net


By: _____
RICHARD A. WOLFE, ESQUIRE
Attorney I.D. No. 78944
rich@twlegal.net

1000 Germantown Pike, B-3
Plymouth Meeting, Pennsylvania 19462
(215) 525-1616 – phone
(215) 525-5858 – facsimile

*Attorneys for Plaintiff,*
*James Lacy*